OF THE
STATE OF DELAWARE

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: April 20, 2026
Date Decided: May 1, 2026

Scott A. Dinsmore
45 Bennett Hill Rd.
Rowley, MA 01969

Evan O. Williford, Esq.
The Williford Firm LLC
1007 N. Orange Street, Ste. 235
Wilmington, DE 19801

RE: *Scott A. Dinsmore v. Tribal Ready, PBC*,
C.A. No. 2025-0762-DH (BWD)

Dear Mr. Dinsmore and Counsel:

This letter resolves plaintiff Scott Dinsmore's ("Plaintiff") exceptions to the

Magistrate in Chancery's January 21, 2026 oral final report (the "Final Report")

dismissing this books and records action for lack of standing. Final Report of the

Magistrate on Def.'s Mot. to Dismiss [hereinafter Final Report], Dkt. 46.

As explained in the Final Report, Plaintiff previously served as a director of

defendant Tribal Ready, PBC (the "Company"), a Delaware public benefit

corporation, since its incorporation in 2023.[1] *Id.* at 6. On June 14, 2025, Plaintiff

served a demand to inspect the Company's books and records under 8 *Del. C.*

---

[1] Plaintiff also owns stock in the Company but the parties agree that he made his demand in his capacity as a director and not as a stockholder.

§ 220(d). *Id.* Twelve days later, on June 26, six stockholders owning more than a majority of the Company's outstanding shares delivered to the Company a facially valid written consent purporting to reconstitute the Company's board with new directors. *Id.* at 9; Pl.'s Answering Br. in Opp'n to Def.'s Mot. to Dismiss [hereinafter AB], Ex. C, Dkt. 35.[2] Plaintiff filed this books and records action six days later, on July 2. Final Report at 8. On January 21, 2026, the Magistrate in Chancery to whom the action was assigned issued the Final Report, dismissing the action for lack of standing on the basis that "[P]laintiff was no longer a director when he filed this action." *Id.*

I have reviewed the record and the Magistrate Judge's determinations *de novo*. *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

Plaintiff raises three arguments on exceptions. First, Plaintiff argues that he perfected his standing to inspect the Company's books and records under Section

---

[2] Tribal Ready's bylaws authorize stockholder action by written consent without a meeting. *See* AB, Ex. E § 2.11 ("Unless otherwise provided in the certificate of incorporation, any action required to be taken at any annual or special meeting of stockholders of the corporation, or any action that may be taken at any annual or special meeting of such stockholders, may be taken without a meeting, without prior notice, and without a vote if a consent in writing, setting forth the action so taken, is (a) signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted, and (b) delivered to the corporation in accordance with Section 228 of the Delaware General Corporation Law."); *see also* 8 *Del. C.* § 228(a).

220(d) because he was a director at the time he made the demand. Pl.'s Opening Br. in Supp. of Notice of Exceptions to Magistrate's Ruling [hereinafter Exceptions OB] at 5, Dkt. 47. The Magistrate in Chancery properly rejected this argument. As the Final Report explained, "only current directors have inspection rights under Section 220(d)." Final Report at 9 (quoting *King v. DAG SPE Managing Member, Inc.*, 2013 WL 6870348, at *6 (Del. Ch. Dec. 23, 2013)). Plaintiff lost standing when he ceased to be a director, despite demanding inspection prior to his removal.[3] *See Gassis v. Corkery*, 2014 WL 3565418, at *2 (Del. Ch. July 21, 2014) (finding that a former director's books and records demand "ceased to be" viable after the effective date of his removal). Further, even if Plaintiff had standing to inspect books and records when he made the demand, he cannot have a proper purpose for inspection reasonably related to his position as a director because he is no longer a director. *See id.* ("[I]t is difficult to see how—given the fact that the Plaintiff is not a member or director of the Fund—he could have any proper purpose in seeking books and records.").

---

[3] This Court has similarly held that a stockholder who owns shares at the time a demand is made, but no longer owns shares when a complaint is filed, loses standing to inspect books and records. *See Weingarten v. Monster Worldwide, Inc.*, 2017 WL 752179, at *1 (Del. Ch. Feb. 27, 2017) (holding that "a plaintiff seeking corporate records under Section 220 of the Delaware General Corporation Law [must] be a stockholder at the time she files her complaint, in order to have standing to pursue the action").

Second, Plaintiff asserts that his removal as a director was improper. Exceptions OB at 7. I agree with the Final Report's resolution of this issue: a summary books and records action before a Magistrate Judge is not the appropriate vehicle for challenging the validity of a director's removal. *See, e.g.*, *Ravenswood Inv. Co., L.P. v. Winmill & Co. Inc.*, 2013 WL 396178, at *1 (Del. Ch. Jan. 31, 2013) (explaining that a Section 220 proceeding and a plenary claim "should not have been brought together"); *TravelCenters of Am., LLC v. Brog*, 2008 WL 868107, at *1 (Del. Ch. Mar. 31, 2008) ("This Court has made it very clear that 'as a general rule, [it] will not entertain outside claims or collateral issues within a [books and records] hearing[.]'"); *cf. Gill v. Regency Hldgs., LLC*, 2023 WL 4607070, at *11 (Del. Ch. June 26, 2023) (rejecting a standing defense premised on a fiduciary challenge, the resolution of which "would effectively convert a summary books and records proceeding into a plenary action"). Nothing in this ruling precludes Plaintiff from filing a separate action challenging his removal.[4]

Finally, Plaintiff argues that the Magistrate Judge should not have permitted dispositive motion practice in a summary proceeding. Exceptions OB at 8–

---

[4] The Final Report acknowledges that dismissal should be "without prejudice in the event that [P]laintiff seeks to litigate his director status separately and the circumstances change at a later date." Final Report at 10.

9. Although dispositive motions are generally disfavored in summary proceedings, the Magistrate Judge exercised appropriate discretion in permitting a motion to dismiss on the threshold issue of standing.

For the reasons explained above, Plaintiff's exceptions are denied. The Final Report is adopted and affirmed.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:    All counsel of record (by File & ServeXpress)